**JOSEPH et, d. b. a. CHAPMAN MOTOR REBUILDERS, Appellants, v. DORATY et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24063.   Decided August 13, 1957.

Metzenbaum & Schwartz, for plaintiffs-appellants.
Merkel, Campbell, Dill & Zetzer, for defendants-appellees.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District; GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment in favor of William W. Doraty, and William W. Doraty as trustee, rendered by the Court of Common Pleas of Cuyahoga County, Ohio.

Harold Joseph and Max Joseph, the appellants herein, doing business as Chapman Motor Rebuilders, signed, along with William W. Doraty, Trustee, the following paper writing:

"This agreement entered into this thirtieth day of September, 1955, in Lakewood, Ohio, by and between W. W. Doraty, hereinafter called first party, and Harold Joseph and Max Joseph doing business as Chapman Motor Rebuilders, hereinafter called the second parties, Witnesseth:

"Mr. Doraty, first party, hereby agrees to lease premises 3735 and 3753 West Twenty-fifth Street, Cleveland, Ohio, to second parties and second parties hereby agree to lease from first party the aforementioned premises for a period of five years, commencing November 1, 1955, and ending October 31, 1960, at a rental of $12,000 per annum payable in equal monthly installments of $1,000 each payable in advance on the first day of each and every calendar month during the term of this lease.

"First party hereby gives second parties the option to renew said lease for an additional five-year period commencing November 1, 1960, and ending October 31, 1965, on the same terms and conditions as set forth in a lease to be prepared and executed. Said option to be exercised by second parties on or before May 1, 1960, by registered mail to first party. Otherwise this option becomes null and void.

"First party hereby grants second party the first refusal to purchase said premises on the same terms and conditions as any other bonified (sic) purchaser, in the event first party should determine to sell said premises during the original term of this lease or any extension thereof. Second parties shall exercise this privilege to purchase thirty days after first parties (sic) decision to sell and offer of another bona fide purchaser, otherwise this option becomes null and void.

"Second party will assign to first party or his assignee their present lease (which it is understood expires December 31, 1956) as of January 1, 1956, subject to the leasor (sic) of said lease on premises known as 11515 Lorraine Avenue, Cleveland, Ohio, consent. First party's liability as to the assignment and assumption of said lease shall be limited to rental only, namely, $400 per month.

"First party is to maintaine (sic) to exterior of premises 3735 W. 25th Street, Cleveland, Ohio, and second parties hereby agree to maintaine the interior of said premises.

"Second parties hereby deposit with first party the sum of $1,000, to show their good faith in consummating the lease to be drawn and subject to the approval of first party's and second parties attorney. Said

deposit will apply on the first months rental on premises 3735 and 3753 W. 25th Street, Cleveland, Ohio.

"Upon the signing of the above mentioned lease on premises 3735 and 3753 W. 25th Street, Cleveland, Ohio, second parties will deposit with first party the sum of $3,000, which deposit shall be as security for said lease and apply on the last three months rental of the original term of said lease.

"Howard E. Pope, relator, is hereby recognized as the broker negotiating said lease."

A lease was prepared by the attorneys for W. W. Doraty, and sent to the attorneys for the Messrs. Joseph. A few changes were made in this lease by pencil interlineation and then returned to the attorneys for Doraty. Nothing further was done with this lease.

A conversation was had with the attorney for Elizabeth Schmidt, the lessor of property occupied by the Josephs, concerning an assignment of such property to Doraty. It was this property that the Josephs were to assign to Doraty as a part of the lease of the Doraty property by the Josephs. The attorney for Elizabeth Schmidt said that his client would accept an assignment to Mr. Doraty.

Thereafter, Mr. Doraty returned the $1,000 deposit made by the Josephs at the time the above paper writing was signed, and Mr. Doraty leased the premises to another party.

Harold Joseph and Max Joseph then filed an action for specific performance. When that relief was denied, a supplemental petition was filed, claiming a breach of a contract to lease the premises.

Upon hearing, the trial court, at the conclusion of the case in behalf of the Josephs, directed a verdict for the defendants in that case, the appellees Doraty herein.

It is from the judgment on the directed verdict that an appeal on questions of law is before this court. The Josephs say that:

"1. The court erred in directing a verdict for defendants.

"2. The court erred in excluding evidence as to the rental value of the lease premises.

"3. And for other errors manifest from the face of the record."

The principal question here may be stated as follows: Is the paper writing set out above a valid and subsisting agreement to make a lease, which, if breached, will give rise to an action for damages, or is this merely an agreement to make an agreement, which gives rise to no enforceable contract?

The rule with respect to the situation herein is well expressed in the case of **General Motors Corp. v. Keener Motors, Inc.**, 194 Fed. 2d 669, **63 Abs 392**, at **p. 402**, where the court said:

"* * * To be binding in law, an agreement must be definite and certain. An offer must be so definite in its terms, or must require definite terms in the acceptance, that the promises and performances to be rendered by each party are reasonably certain. * * * No person may be subjected by law to a contractual obligation, unless the character of the obligation is definitely fixed by an express or implied agreement of the parties. If the obligation to become binding rests on a

future agreement to be reached by the parties, so that either party may refuse to agree, there is no contract. In other words: As long as both parties contemplate that something remains to be done to establish contractual relationship, no contract has been made."

The same view is expressed in the language of 1 Restatement of the Law of Contracts, Sec. 26, wherein it is stated:

"Mutual manifestations of assent that are in themselves sufficient to make a contract will not be prevented from so operating by the mere fact that the parties also manifest an intention to prepare and adopt a written memorial thereof; but other facts may show that the manifestations are merely preliminary expressions * * *."

Annotations on the subject before us may be found in 122 A. L. R. 1217, et seq., and 165 A. L. R. 756, et seq.

There is no Ohio case that we have read that determines the question now before this court. Some cases—such as **Hotze, Kuntzler & Co., v. Erskine, 99 Oh Ap 17; Reck v. Daley, 72 Oh Ap 307; Blaney and Morgan v. Hoke, 14 Oh St 292;** Kiralfy v. Macauley, 9 O. Dec. (Rep.) 833, at p. 838; **Indian Refining Co. v. McCombs, 47 Oh Ap 425;** and certain insurance policy cases cited in **Hartford Fire Ins. Co. v. Whitman, 75 Oh St 312**—treat of the question generally and follow the general rules above set out.

Where parties have reached a clear, definite understanding on all of the terms of a contract and have manifested an intention to be bound by those terms, a legally enforceable contract has been made; but where the terms have not been fully agreed to, and a formal agreement, as in this case, is contemplated, no valid agreement exists. 12 Am. Jur., Contracts, Secs. 24 and 25. 17 C. J. S., Contracts, Sec. 49.

An examination of the writing set out above shows no agreement with respect to taxes, insurance, utilities (including water), rights of the parties in case of default, destruction by fire, or extent of repairs required by both parties for the portion of the building they agreed to repair.

In addition, the writing contemplated that whatever lease was ultimately executed would first have to be approved by counsel for the respective parties; for this lease was to be "subject to the approval of first party's and second parties (sic) attorney."

In this situation, we have only an agreement to enter into an agreement. The writing was to form the basis of a contract of lease, but it was not in and of itself a legally enforceable and valid agreement.

We have examined all other claimed errors, and find none prejudicial to the substantial rights of the appellants.

The judgment must be affirmed.

DOYLE and GRIFFITH, JJ, concur.